IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:16-cv-00148-TSE-MSN |
| | ) | |
| BLACK STONE PETROLEUM INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT & RECOMMENDATIONS

This matter is before the Court on Plaintiff ExxonMobil Oil Corporation's Motion for

Default Judgment (Dkt. No. 11). Having reviewed the record, the undersigned recommends

granting the Motion in part for the reasons that follow.

### I.      Background

This action arises out of Plaintiff's sale of a service station to Defendant Black Stone

Petroleum Inc., the station's lessee. *See* Mem. in Supp. of Mot. for Default J. (Dkt. No. 11) at 3.

Plaintiff entered into a purchase agreement with Defendant Black Stone Petroleum Inc. on

January 27, 2012 (the "Exxon Agreement"). Am. Compl. (Dkt. No. 5) ¶ 10. The Exxon

Agreement contemplated that Plaintiff would convey the service station to Defendant Black

Stone Petroleum Inc. and would "pay $350,000 toward the cost to replace the underground

storage tanks at the [service station]." *Id*. ¶ 11. In return, Defendant Black Stone Petroleum Inc.

would pay a purchase price of $1,274,831.00 and agree to sell only "Branded Fuel"—which is to

say Plaintiff's fuel—for a period of 15 years following the sale. *See id*. ¶ 11; Mot. Exh. A (Dkt.

5-1) at 14; Mem. in Supp. of Mot. for Default J. (Dkt. No. 11) at 5. The Exxon Agreement

specified that failure to sell only "Branded Fuel" would render Defendant Black Stone Petroleum Inc. liable for liquidated damages equal to "($0.02 per gallon) x ([Defendant Black Stone Petroleum Inc.]'s Base Volume) x (15 – the number of years (including any partial year) since the Closing Date)." Am. Compl. (Dkt. No. 5) ¶ 13.

Unbeknownst to Plaintiff, Defendant Black Stone Petroleum Inc. executed another agreement with Defendant FDD Realty, LLC (the "FDD Agreement") two days before entering into the Exxon Agreement. *See id.* ¶ 18. The FDD Agreement stated that "upon closing with Exxon, Black Stone would execute a deed to the [service station] to FDD which would be held in escrow until the conditions and contingencies set forth in the [FDD Agreement] were satisfied." *Id.* ¶ 22. The FDD Agreement specified further that Defendant Black Stone Petroleum Inc. would "vacate the [service station] no later than the date the underground storage tank upgrade work was completed and the upgrade vendor was paid." *Id.* ¶ 24. In return, Defendant FDD Realty, LLC, agreed to advance the purchase price of the station, pay an additional sum to Defendant Black Stone Petroleum Inc., and to "assume each and every obligation and responsibility of [Defendant Black Stone Petroleum Inc.] under the Exxon Sale Agreement and Supply Agreement and [to] indemnify and hold [Defendant Black Stone Petroleum Inc.] harmless from and against any and all liability, damage, loss, or expenses . . . arising from or related to [the] breach of said agreement." *Id.* ¶ 25.

Plaintiff made the agreed payment of $350,000 towards the cost of replacing the underground storage tanks at the service station on July 22, 2013. *Id.* ¶ 33. Shortly after that work was completed, however, Defendant Black Stone Petroleum Inc. rebranded the service station as "Raceway" and ceased selling "branded fuel." *Id.* ¶ 34. Plaintiff made a demand on

both Defendants for liquidated damages pursuant to the Exxon Agreement, and both Defendants refused to pay. *Id*. ¶ 38.

Plaintiff filed suit against Defendant Black Stone Petroleum Inc. for breach of contract on February 12, 2016, and amended its Complaint to add Defendant FDD Realty, LLC, on March 14, 2016. When neither Defendant answered or otherwise responded, the clerk entered the default of both Defendants on June 21, 2016. *See* Entry of Default (Dkt. No. 10). Plaintiff filed the instant Motion for Default Judgment (Dkt. No. 11) on July 1, 2016. Neither Defendant appeared at the July 29, 2016 hearing on the Motion, and the undersigned took the Motion under advisement.

## II.      Service of Process and Jurisdiction

The docket reflects that both Defendants were properly served via their registered agents. *See* Executed Summons (Dkt. Nos. 4, 7); *see also* Mot. for Default J. (Dkt. No. 11) at 12-13. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Am. Compl. (Dkt. No. 5) ¶ 7. The Court has personal jurisdiction over Defendant Black Stone Petroleum Inc. due to its express consent to be subject to personal jurisdiction in the Eastern District of Virginia pursuant to the Exxon Agreement. *Id*. ¶ 8; *see also Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court"). For purposes of this Motion, the undersigned will assume that the Court has personal jurisdiction over Defendant FDD Realty, LLC, due to its contractual assent to be bound by the terms of the Exxon Agreement. *See Id*. Because the undersigned recommends dismissing Defendant FDD Realty, LLC on standing grounds, the Court need not reach the question of personal jurisdiction. Venue is proper in this Court pursuant to the Exxon Agreement. *Id*. ¶ 9.

### III.   Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F.Supp.2d 497, 505 (E.D.Va.2009)).

### IV.   Analysis

Plaintiff alleges that Defendant Black Stone Petroleum Inc. breached the Exxon agreement by ceasing to sell "branded fuel" before 15 years had elapsed and by thereafter refusing to pay liquidated damages. The Exxon Agreement specifies that it shall be "governed by and construed in accordance with the laws of the Commonwealth of Virginia." Am. Compl. Exh. 1 (Dkt. No. 5-1) at 59, § 21.11. Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619 (2004).

Because Defendant Black Stone Petroleum Inc. executed the Exxon Agreement, it owed a legal duty to Plaintiff to either sell "branded fuel" or pay liquidated damages. *See* Am. Compl. Exh. 1 (Dkt. No. 5-1) at 16, § 4.2.1 ("If [Defendant Black Stone Petroleum Inc.] ceases to sell Branded Fuel at the Property within fifteen (15) years after the Closing Date, Purchaser shall pay to [Plaintiff] liquidated damages."). Plaintiff has therefore shown the first element of a claim for breach of contract under Virginia law—" a legally enforceable obligation of a defendant to a plaintiff." *Filak*, 267 Va. at 619.

Accepting as true the allegations of Plaintiff's Complaint, *see Ryan*, 253 F.3d at 780, Defendant Black Stone Petroleum Inc. ceased selling "branded fuel" after only one year. *See* Am. Compl. (Dkt. No. 5) ¶ 34. Defendant Black Stone Petroleum Inc. thereafter refused to pay liquidated damages. *Id*. ¶ 37. In light of the above, Plaintiff has demonstrated the second element of a claim for breach of contract—that Defendant Black Stone Petroleum Inc. failed to honor its obligations under the contract. *See Filak*, 267 Va. at 619.

Finally, as a result of Defendant Black Stone Petroleum Inc.'s breach of the Exxon Agreement, Plaintiff has been deprived of the benefit of its bargain. Specifically, Plaintiff has "ceased to receive anticipated income from the purchase . . . of Branded Fuels to be sold" at the service station. *See* Am. Compl. (Dkt. No. 5) ¶ 45. Moreover, Plaintiff has not been compensated for that lost revenue through the payment of liquidated damages, as is contemplated in the Exxon agreement. *Id*. ¶ 37. Plaintiff has therefore shown that the breach caused it injury, the third element required to recover for breach of contract as to Defendant Black Stone Petroleum Inc. *See Filak*, 267 Va. at 619.

Plaintiff argues that it is also entitled to recover liquidated damages from Defendant FDD Realty, LLC. Plaintiff's claim is grounded in the provision of the FDD Agreement stating that

5

Defendant FDD Realty, LLC "assume[d] each and every obligation" of Defendant Black Stone Petroleum Inc. under the Exxon Agreement. *See* Am. Compl. Exh. 2 (Dkt. No. 5-2) at 5, § 5(o). Plaintiff, however, is not a party to the FDD Agreement. "Generally[,] one not a party to a contract does not have standing" to enforce it. *Radosevic v. Virginia Intermont Coll.*, 651 F. Supp. 1037, 1038 (W.D. Va. 1987).

Plaintiff argues that the general rule does not apply because "FDD's explicit agreement to take on Black Stone's obligations to Exxon under the Purchase Agreement entitles Exxon to intended third-party beneficiary status." Mot. for Default J. (Dkt. No. 11) at 17. An intended third-party beneficiary may sue to enforce a contract made for its benefit, even if it is not a party to that contract. *See* Restatement (Second) of Contracts § 302 (1981).

A party claiming that status, however, "must show that 'the contracting parties clearly and definitely intended that the contract confer a benefit upon [it].'" *Hesse v. Long & Foster Real Estate, Inc.*, No. 1:11CV506 LMB/TCB, 2012 WL 1427793, at *2 (E.D. Va. Apr. 23, 2012) (quoting *Collins v.. First Union Nat'l Bank,* 272 Va. 744, 751 (2006)). One who would benefit from the performance of a contract but who was not intended by the contracting parties as a beneficiary is merely an incidental beneficiary, and is not entitled to seek enforcement of the contract. *Norfolk-Portsmouth Newspapers, Inc. v. Stott*, 208 Va. 228, 231 (1967) ("A clear intent to benefit the third person must appear to enable him to sue on the contract; incidental beneficiaries cannot maintain an action thereon.") (quotation marks omitted). This showing presents a "high bar" under Virginia law. *Nat'l Labor Coll., Inc. v. Hillier Grp. Architecture New Jersey, Inc.*, 739 F. Supp. 2d 821, 835 (D. Md. 2010).

In light of the record now before the Court, Plaintiff has failed to make the required showing. "The essence of a third-party beneficiary's claim is that others have agreed between

themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain." *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989). Plaintiff has put forth no evidence demonstrating that the FDD Agreement was intended to benefit Plaintiff in any way. The provisions of the FDD Agreement cited by Plaintiff run to the benefit of Defendant Black Stone Petroleum Inc., not Plaintiff, and appear to be intended to induce Defendant Black Stone Petroleum Inc. to enter into the FDD Agreement.

Plaintiff does not contend otherwise. Indeed, Plaintiff appears to argue that the FDD Agreement was calculated to cause Defendant Black Stone Petroleum Inc. to breach its agreement with Plaintiff, thereby harming Plaintiff's interests. *See* Mot. for Default J. (Dkt. No. 11) at 5. On this record, the undersigned must conclude that the FDD Agreement was not "clearly and definitely intended" to benefit Plaintiff so as to entitled Plaintiff to third-party beneficiary status. *Hesse*, 2012 WL 1427793, at *2. As such, it is up to Defendant Black Stone Petroleum Inc. to enforce the FDD Agreement against Defendant FDD Realty, LLC with respect to any judgment entered against it in this case.[1]

In light of the above, Plaintiff is entitled to an award of liquidated damages as to Defendant Black Stone Petroleum Inc., and only that Defendant. The Exxon Agreement sets forth the following formula for determining the proper amount of liquidated damages resulting from the failure to sell "branded fuel": "($0.02 per gallon) x ([Defendant Black Stone Petroleum Inc.]'s Base Volume) x (15 – the number of years (including any partial year) since the Closing Date)." Am. Compl. (Dkt. No. 5) ¶ 13; Am. Compl. Exh. 1 (Dkt. No. 5-1) at 16, § 4.1.2. The undersigned finds that this formula appears reasonably calculated to compensate Plaintiff for lost

---

[1]     It is worth noting that while Plaintiff appears to argue that Virginia law should determine whether it is an intended third-party beneficiary under the FDD Agreement, *see* Mot. for Default J. (Dkt. No. 11) at 19, the FDD Agreement itself states that it is governed by New Jersey law. *See* Am. Compl. Exh. 2 (Dkt. No. 5-2) at 7, § 12. The law that applies is of no moment, however, as Plaintiff's argument is no more viable under the law of New Jersey than under Virginia law. *See Broadway Maint. Corp. v. Rutgers, State Univ.*, 90 N.J. 253, 259 (1982).

revenue, and is not an invalid provision intended to punish the breaching party. *See Doral Bank PR v. Fed. Home Loan Mortgage Corp.*, 477 F. App'x 31, 39 (4th Cir. 2012) (discussing invalid liquidated damages provisions). Here, Defendant Black Stone Petroleum Inc.'s "base volume" as stipulated in the Exxon Agreement was 1,070,967, and only one year elapsed between the closing date and the breach. *See* Am. Compl. Exh. C (Dkt. No. 5-3); Am. Compl. (Dkt. No. 5) ¶ 34. Applying the formula, ($0.02 per gallon) x (1,070,967) x (15-1), yields liquidated damages in the amount of $299,870.76. In light of the above, judgment in that amount should be entered in Plaintiff's favor against Defendant Black Stone Petroleum Inc.

Finally, Plaintiff requests that the Court award both pre- and post-judgment interest on the liquidated damages discussed above. The Exxon Agreement, however, does not provide for either. More importantly, neither is mentioned in Plaintiffs Complaint or Amended Complaint. Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id.* (citing cases); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *2 n.1 (E.D. Va. Feb. 5, 2016). This Court has specifically held this principle to apply where a party's complaint fails to request interest on a judgment, notwithstanding boilerplate language requesting that the Court "grant such other and further relief as may be appropriate." *See Akula v. Airbee Wireless, Inc.*, No. 1:08CV421, 2009 WL 1248118, at *1 (E.D. Va. Mar. 3, 2009), *report and recommendation adopted*, No. 1:08CV421 (JCC), 2009 WL 1248116 (E.D. Va. Apr. 30,

2009); *see also Silge v. Merz*, 510 F.3d 157, 159-60 (2d Cir. 2007). Because Plaintiff did not ask for such relief in its Complaint, Plaintiff may not properly request it now.

## V.     Recommendation

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiff's Motion as to Defendant Black Stone Petroleum Inc. for liquidated damages in the amount of $299,870.76;

2) DENYING Plaintiff's Motion as to Defendant FDD Realty, LLC and dismissing Plaintiff's claims against that Defendant; and

3) DENYING Plaintiff's Motion to the extent it seeks pre- and post-judgment interest on the Court's judgment.

## VI.     Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
_____
Michael S. Nachmanoff
United States Magistrate Judge

August 10, 2016
Alexandria, Virginia